IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS, SHELBY COUNTY

THOMAS KYLE SHAVER,
    Plaintiff.

v.                                                                                                          Case No:_____

BREAUNNA McCARTHY individually and
professionally in her capacity as a Police Officer,
CARY J. WOODS individually and in her capacity as a
Police Officer, JACOB PARKER individually and in his
Capacity as a Police Officer, MEMPHIS POLICE          JURY DEMANDED
DEPARTMENT, and CITY OF MEMPHIS,
    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Thomas Kyle Shaver, by and through his counsel Christian R. Johnson, and brings this Complaint for Damages. Further, the Plaintiff would respectfully show unto this Honorable Court as follows:

### INTRODUCTION

In June of 2021 Plaintiff was falsely arrested after MPD officer and codefendant McCarthy reported to her two coworkers, Defendants Parker and Woods, whom are officers with Defendant Memphis Police Department, that she (McCarthy) had received a text message from the father of her child, Plaintiff Shaver. Plaintiff Shaver and McCarthy are in an ongoing custody battle in Shelby County Juvenile Court. The text message was not a valid legal justification for the arrest that is the subject of this Complaint.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Plaintiff's federal claims in this civil action pursuant to 28 U.S.C. §§ 1331 and 1343(a).

2. This Court has supplemental jurisdiction to adjudicate the Plaintiff's state law claims related to the Plaintiff's federal claims in this action pursuant to 28 U.S.C.§1367(a).

3. As the judicial district in which a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. Plaintiff is a resident of Oregon with ties to Shelby County, Tennessee.

5. Defendant Breaunna McCarthy is a resident of, and works in Shelby County.

6. Defendant Cary J. Woods. is a resident of, and works in Shelby County.

7. Defendant Jacob Parker is a resident of and works in Shelby County.

8. City of Memphis is a city within Shelby County, Tennessee.

9. Memphis Police Department is within Shelby County, Tennessee.

10. District Court in the Western District of Tennessee is the appropriate venue for this matter.

11. All incidents that are alleged against the Defendants occurred in Shelby County, Tennessee.

## FACTS

12. Plaintiff incorporates by reference averments contained in Paragraphs 1 through 11 of this Complaint.

13. Defendant Breaunna McCarthy (hereinafter referred to as "McCarthy") is employed by the Memphis Police Department (hereinafter referred to as "MPD") as a patrol officer and was employed by MPD during all incidents and dates described in this Complaint.

14. Defendant Cary Woods (hereinafter referred to as "Woods") is employed as a Sgt. with the Domestic Violence Investigative unit of Defendant MPD and her badge number is believed upon information and belief to be 1681.

15. Defendant Jacob Parker (hereinafter referred to as "Parker") is employed as a patrol officer with MPD and his badge number is 14501.

16. Plaintiff and McCarthy have a minor child together named Thomas Griffin Tamatoa Shaver whom is 5 years old.

17. Plaintiff and McCarthy have an ongoing custody dispute in the Shelby County Juvenile Court under case number EE6674.

18. On or about May 4, 2021 McCarthy had a text exchange with Plaintiff in which McCarthy stated "What are you talking about, the calendar my attorney gave me has Thursday-Sun circled from the first parenting proposal, which obviously doesn't match the agreement. Don't get tough now over a text when you act like a little bitch on my doorstep. Plaintiff responded with a text back to McCarthy which stated "Lol. You're so funny. To quote you, "read the parenting agreement, dumbass"". McCarthy loved Plaintiff's text and Plaintiff continued with "I find it hilarious you think I have any fear of you or your dumbass boyfriend either." Plaintiff also texts "Imma have both y'all jobs by the time the year is up." See attached Exhibit A.

19. McCarthy reported and misquoted Plaintiff's final text to Defendant and fellow MPD officer Parker on May 4, 2021.

20. McCarthy filed a report with Parker stating that Plaintiff had stated in a text "Inama (sic) have both y'all jobs the time by the year is up". See attached Exhibit B Affidavit of Complaint.

21. On or about May 4, 2021, Parker and or McCarthy contacted Defendant Woods at which time a sworn affidavit of complaint was made out for the arrest of Plaintiff Shaver based solely on the one text.

22. Plaintiff's text "Imma have both y'all jobs by the time the year is up." is not harassment nor threatening in accordance with T.C.A. §39-17-308, which the Affidavit of Complaint for Arrest prepared by Defendant Woods is based on. See Exhibit B.

23. Plaintiff's aforementioned text which states "both" is referring to McCarthy and her fiancée whom was also an MPD officer in May of 2021 but is not included in this Complaint as a Defendant.

24. Affidavit of Complaint for Arrest for Case Number 21009427 in the Shelby County General Sessions Division 10 states that Plaintiff will be in town in June of 2021 for visitation with his and McCarthy's son. See Attached Exhibit B.

25. On or about June 14, 2021 Plaintiff arrived in Shelby County to stay with his parents and have visitation his and McCarthy's son.

26. On June 14, 2021 Plaintiff was arrested based on the Affidavit of Complaint filed by McCarthy.

27. On June 14, 2021 Plaintiff was booked into the Jail at approximately 2:52pm. See attached Exhibit C (Order for Granting Bail)

28. On June 15, at approximately 7:56pm Plaintiff was released from jail. See attached Exhibit D (Written Undertaking)

29. On June 10, 2021 McCarthy signed a Petition for an Order of Protection based on the same or similar facts as the Affidavit of Complaint was based on.. See attached Exhibit E (Petition of Order of Protection)

30. Petition for Order of Protection appears to have been notarized by Rafael Barrantes with an incorrect date of June 19, 2021 and is lacking a notary stamp or date of expiration of notary's commission.

31. On June 16, 2021 Plaintiff was served with the Petition for Order of Protection with a court date of June 24, 2021.

32. Plaintiff bore the expense of hiring an attorney to defend him in his criminal case and his Order of Protection hearing.

33. Upon review by a court, the bogus criminal charge that the Defendants filed against Mr. Shaver was dismissed outright for lack of probable cause that Mr. Shaver's text constituted a criminal offense.

34. McCarthy's Petition for Order of Protection was dismissed.

### CIVIL CONSPIRACY

35. Plaintiff incorporates by reference averments contained in Paragraphs 1 through 34 of this Complaint.

36. "'An actionable civil conspiracy is a combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff.'*Trau-Med of America, Inc.,* 71 S.W.3d at 703; *see Brown v. Birman*

*Managed Care, Inc.*, 42 S.W.3d 62, 67 (Tenn. 2001) ( *citing Dale v. Thomas H. Temple Co.*, 208 S.W.2d 344, 353 (Tenn. 1948))

37. The elements for civil conspiracy under Tennessee common law, therefore, are: (1) a common design between two or more persons; (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) injury to person or property resulting in attendant damage. *Braswell v. Carothers*, 863 S.W.2d 722, 727 (Tenn. Ct. App. 1993).

38. McCarthy, Parker, and Woods conspired to have Plaintiff wrongfully/unlawfully arrested.

39. Parker was aware of McCarthy's relationship with the Plaintiff and their ongoing custody battle in juvenile court.

40. Woods was aware of McCarthy's relationship with the Plaintiff and their ongoing custody battle in juvenile court.

41. Parker, as a trained MPD officer knew that the text message was not considered a threat and therefore that the Plaintiff would be wrongfully arrested.

42. McCarthy, as a trained MPD officer knew that the text message was not considered a threat and therefore that the Plaintiff would be wrongfully arrested.

43. Woods, as a trained MPD officer assigned to a special task force dealing with domestic abuse cases knew that the text message was not considered a threat and therefore that the Plaintiff would be wrongfully arrested.

44. McCarthy, Parker, and Woods' conspiracy to have Plaintiff wrongfully arrested came to fruition on June 14, 2021 when Plaintiff was wrongfully arrested and held in jail for twenty-nine and a half hours.

45. Upon information and belief, McCarthy, and/or Parker, and/or Woods used their positions or connections as MPD officers to keep Plaintiff incarcerated for twenty-nine and a half hours even though Plaintiff was ultimately released on his own recognizance.

## **RESPONDEAT SUPERIOR**

46. Plaintiff incorporates by reference averments contained in Paragraphs 1 through 45 of this Complaint.

47. Respondeat Superior is a legal doctrine, most commonly used in tort, that holds an employer or principal legally responsible for the wrongful acts of an employee or agent, if such acts occur within the scope of the employment or agency.

48. Defendants Woods, McCarthy, and Parker are/or were in 2021 on the dates of the above-listed events and below-listed events, officers of Defendant MPD and therefore employees of Defendant City of Memphis.

49. City of Memphis has an obligation to the public to hire and employ individuals that follow the law.

50. MPD has an obligation to hire and train police officers to respect the rights of individuals.

51. MPD has an obligation to hire and train police officers to follow the law.

52. MPD and the City of Memphis have an obligation to terminate officers that do not follow the law and have individuals wrongfully/falsely arrested.

53. Upon information and belief City of Memphis and MPD have not disciplined nor terminated officers McCarthy, Parker, or Woods.

## DEFAMATION OF CHARACTER

54. Plaintiff incorporates by reference averments contained in Paragraphs 1 through 53 of this Complaint.

55. Defamation, or defamation of character, describes hurting someone's reputation or character by making fraudulent statements regarding that person.

56. Plaintiff's wrongful arrest was available to the public and harmed the reputation of the Plaintiff.

57. Plaintiff's wrongful arrest and mugshot was published in TN Busted magazine available for review and sale in Shelby County.

58. All Defendants are liable for this wrongful arrest and the defamation of Plaintiff's reputation.

## ABUSIVE CIVIL ACTIONS

59. Plaintiff incorporates by reference averments contained in Paragraphs 1 through 58 of this Complaint.

56. Tenn. Code Ann. § 29-41-102 defines an abusive civil actions as "(1) "Abusive civil action" means a civil action filed by a plaintiff against a defendant with whom the plaintiff shares a civil action party relationship primarily to harass or maliciously injure the defendant and at least one (1) of the following factors are applicable:
(A) Claims, allegations, and other legal contentions made in the civil action are not warranted by existing law or by a reasonable argument for the extension, modification, or reversal of existing law, or the establishment of new law;"

60. Under Tennessee law a Petition for an Order of Protection is a civil action.

61. McCarthy filed her Petition for an Order of Protection against the Plaintiff to further her interests in her ongoing Juvenile Court case with the Plaintiff.

## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 AND TENNESSEE COMMON LAW .

62. Plaintiff incorporates by reference averments contained in Paragraphs 1 through 61 of this Complaint.

63. Acting in concert with one another, and without probable cause to arrest the Plaintiff, the Defendants wrongfully instituted legal process against the Plaintiff and subjected the Plaintiff to a wrongful investigation, wrongful prosecution, and wrongful incarceration in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

64. All Defendants made, influenced, or participated in the decision to investigate, arrest, and/or charge the Plaintiff, and they acted in concert with one another to ensure that the Plaintiff was investigated, charged, and prosecuted for his speech. The Defendants thus acted both individually and collectively in pursuit of a common plan under color of law with malicious intent to deprive the Plaintiff of his rights secured by the United States Constitution.

65. All Defendants, individually and collectively, lacked probable cause to institute criminal proceedings against the Defendant.

66. The Defendants' criminal prosecution was enabled by a constitutionally defective and facially invalid Affidavit of Complaint signed by Defendant Woods.

67. As a consequence of the Defendants' wrongful institution of legal process against the Plaintiff, the Plaintiff suffered a deprivation of liberty apart from his initial seizure, including continuous detention in jail for nearly thirty hours without probable cause.

68. The Plaintiff's criminal proceeding was resolved in the Plaintiff's favor.

69. The Plaintiff's criminal proceeding was not resolved due to any plea or settlement, but was resolved in the Plaintiff's favor because he was innocent of any criminal charge and because the Defendants lacked probable cause to believe that he had committed any crime.

70. Although inessential to his malicious prosecution claim, the Defendants acted with malice toward the Plaintiff and subjected the Plaintiff to a wrongful investigation, wrongful prosecution, and wrongful incarceration because of the constitutionally protected, speech via one text message.

71. As a direct and proximate result of the Defendants' malicious prosecution of the Plaintiff, the Plaintiff suffered injuries, including, but not limited to, actual damages, economic damages, a deprivation of his constitutional rights, unlawful detention, psychological and emotional trauma, and damage to his reputation.

## FALSE ARREST (42 U.S.C. § 1983)

72. The Plaintiff incorporates by reference averments contained in Paragraphs 1 through 71 of this Complaint.

73. At all times relevant to this action, no Defendant had probable cause to arrest or direct the arrest of the Plaintiff.

74. The Plaintiff was nonetheless arrested at the Defendants' behest and direction.

75. At all times relevant to this action, all Defendants, both individually and collectively, lacked reasonable grounds for belief supported by more than mere suspicion that the Plaintiff had committed a crime.

76. The totality of the circumstances and the facts and circumstances of which the Defendants had knowledge at the moment of the Plaintiff's arrest were insufficient to warrant a prudent person in believing that the Plaintiff had committed an offense.

77. Even so, the Plaintiff was falsely arrest for a violation of Tenn. Code Ann. § 39-17-308 by McCarthy—in concert with and at the direction of Defendants Parker and Woods—without probable cause.

78. The charges against the Plaintiff resulted in a deprivation of the Plaintiff's liberty, in that the Plaintiff was taken into custody, jailed continuously between June 14, 2021, and June 15, 2021.

79. The Defendants acted with malice when they falsely arrested and baselessly charged the Plaintiff with violating Tenn. Code Ann. § 39-17-308.

80. The Defendants falsely arrested and charged the Plaintiff with violating Tenn. Code Ann. § 39-17-308 despite their actual knowledge that clearly established law made clear that the Plaintiff's speech was constitutionally protected and was not illegal.

81. The Plaintiff suffered actual damages as a proximate result of the Defendants' false arrest.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. That process issue, and that the Defendants be required to appear and answer this Complaint within the time required by law;

2. That the Plaintiff be awarded all compensatory, consequential, incidental, and punitive damages to which he is entitled in an amount not less than $3 million;

3. That the Plaintiff be awarded all costs and discretionary costs of trying this action;

4. That the Plaintiff be awarded his reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b);

5. That a jury of 12 be empaneled to try this cause;

6. That pre-judgment and post-judgment interest be awarded to the Plaintiff;

7. That permanent injunctive and declaratory relief issue; and

8. That the Plaintiff be awarded any and all further relief to which it appears he is entitled.

RESPECTFULLY SUBMITTED THIS 2nd DAY OF June, 2022.

Christian R. Johnson #32485
Attorney for Plaintiff
212 Adams Avenue
Memphis, Tennessee  38103
cjattny@gmail.com
(901)240-4295